UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAL COLLUMS CONSTRUCTION, L.L.C.<br>Plaintiff | * | CIVIL ACTION NO. |
| | * | SECTION "___" |
| VERSUS | * | JUDGE: |
| | * | |
| PHI MU FRATERNITY HOUSING CORP.<br>Defendant | * | DIVISION "___" |
| | * | MAGISTRATE: |
| *   *   *   *   *   *   *   * | | |

## COMPLAINT
___

NOW INTO COURT, through undersigned counsel, comes Hal Collums Construction, L.L.C. ("Collums"), which respectfully avers as follows:

### PARTIES

1.

Plaintiff, Hal Collums Construction, L.L.C. is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business in New Orleans, Louisiana.

2.

Made defendant herein is Phi Mu Fraternity Housing Corporation ("Phi Mu"), a non-profit corporation organized and domiciled in the State of Georgia, which is authorized to do and doing business in the State of Louisiana, and on information and belief doing business in Louisiana as Delta House Corporation of Phi Mu Fraternity.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the claims at issue pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the plaintiff and defendant are diverse in citizenship.

4.

This Court has personal jurisdiction over the defendant because Phi Mu entered into a contract with Collums which was formed in Louisiana, and such contract was performed in Louisiana.

5.

Venue is proper in this district pursuant to 28 U.S.C. §1332(b)(2) because the construction project at issue, and the substantial part of the events or omissions giving rise to Collums's claim, are located in Orleans Parish, Louisiana.

## BACKGROUND

6.

Collums is engaged as a general contractor in both residential and commercial projects.

7.

On July 29, 2014, Collums and Phi Mu entered into an A105-2007 Standard Form Agreement Between Owner and Contractor, as modified ("Contract") for the renovation of 7220-7222 Zimple Street, New Orleans, Louisiana ("Project").

8.

Lee Ledbetter & Associates, A Professional Corporation ("Ledbetter") served as the architect of record for the Project.  Additionally, Ledbetter was Phi Mu's representative on the Project and served as the contract administrator for the Project.

9.

Ledbetter prepared the Project's plans and specifications on Phi Mu's behalf, which were then warranted by Phi Mu to Collums as complete and free from defects.

10.

The Contract sum was $552,053.00, which was decreased via change order during the Project to $538,195.15.  The Contract time was 113 calendar days.

11.

The Contract includes several important provisions concerning the obligations of Collums and Phi Mu if issues arose on the Project.  Specifically, article 7.4.3 states:

> Costs caused by delays or by improperly timed activities or defective construction shall be borne by the party responsible therefor.

12.

The Contract, article 10.1 states:

> The Owner, without invalidating the Contract, may order changes in the Work within the general scope of the Contract consisting of additions, deletions, or other revisions, the Contract Sum and Contract Time being adjusted accordingly in writing.  If the Owner and Contractor cannot agree to a change in the Contract Sum, the Owner shall pay the Contractor its actual cost plus reasonable overhead and profit.

13.

The Contract, article 10.4 states:

If Contractor is delayed from completing the Work by a regulating authority from the federal, state or local government, Contractor shall be entitled to an extension of time equal to the time of delay. Contractor shall notify Owner and Architect promptly after Contract execution of any items that must be permitted separately from the building permit and shall provide milestone dates identifying when regulatory approvals will delay Contractor's Work.

14.

The Contract, article 11.2 states:

If the Contractor is delayed at any time in progress of the Work by changes ordered in the Work, or by labor disputes, fire, unusual delay in deliveries, unavoidable casualties or other causes beyond the Contractor's control, the Contract Time shall be subject to equitable adjustment.

15.

Pursuant to the Contract, Collums submitted monthly payment applications to Phi Mu for Collums's work on the Project, Ledbetter would review Collums's payment applications and certify the amounts due to Collums, and Phi Mu was required to pay Collums for its work under the Contract.

16.

Phi Mu, through its representative Ledbetter, reviewed Collums's work to determine conformance with the Contract Documents.

17.

Phi Mu, through its representative Ledbetter, reviewed Collums's submittals for the Project to determine whether the submittals conformed with the Contract Documents. Additionally, Phi

Mu, through its representative Ledbetter, reviewed Collums's requests for information and was required to respond appropriately to Collums's requests.

18.

Collums relied on the completeness, accuracy, and correctness of the Contract Documents when Collums entered into the Contract with Phi Mu and throughout Collums's work on the Project.

19.

After the Project began, Ledbetter directed several changes to the Contract Documents which adversely affected Collums. On certain occasions, the changes to the Contract Documents were issued without proper notice to Collums, and Collums was precluded from providing its input regarding the changes. Phi Mu was aware of the changes to the Contract Documents.

20.

The changes to the Contract documents caused Collums to incur additional costs to complete the Project and caused delays to the Project schedule and Contract completion date. Collums requested adjustments to the Contract sum and Contract time due to the changes.

21.

Phi Mu never adjusted the Contract sum or the Contract time due to the changes to the Contract Documents, and Collums has not been compensated for the additional costs and delays due to the changes to the Contract Documents.

22.

Additionally, Collums submitted to Phi Mu, through Ledbetter, certain submittals and substitutions necessary to complete the Project in accordance with the Contract Documents and industry standards of South Louisiana.  Without justification, Ledbetter refused to approve the necessary submittals and substitutions, causing Collums to incur additional costs to complete the Project and delays to the Project schedule and Contract time.  Phi Mu was aware that Ledbetter was unreasonable in refusing to approve Collums's submittals and substitutions.

23.

Additionally, certain portions of the Contract Documents were deficient and/or could not be installed as designed, causing Collums to incur additional costs to complete the Project and delays to the Project schedule and Contract time.

24.

The Project was certified as substantially complete on April 27, 2015.  Collums completed the Project 143 days after the original Contract completion date due to no fault of its own.  Collums incurred additional costs associated with the extended Contract time, including, but not limited to, general conditions costs and, for each day that Collums was delayed in completing the Project.

25.

After Project completion, Collums invoiced Phi Mu for final payment under the Contract.  Phi Mu has not paid Collums in full under the Contract.

**BREACH OF CONTRACT**

26.

Collums properly performed its work on the Project, but Collums has not been paid in full for its work performed, including but not limited to: 1) the unpaid Contract balance, 2) additional costs incurred due to the changes to the Contract Documents, 3) additional costs incurred due to the deficiencies associated with the Contract Documents, 4) additional costs incurred due to the improperly denied submittals and substitutions, and 5) delay damages.

27.

Phi Mu breached the Contract by not paying Collums in full for its work performed on the Project, including but not limited to: 1) the unpaid Contract balance, 2) additional costs incurred due to the changes to the Contract Documents, 3) additional costs incurred due to the deficiencies associated with the Contract Documents, 4) additional costs incurred due to the improperly denied submittals and substitutions, and 5) delay damages.

28.

Phi Mu is liable to Collums in the full amount of $162,406.88, representing $98,534.67 in unpaid Contract balance, $33,633.43 in additional costs incurred to complete the Project over and above the Contract balance, and 143 days of delay damages equaling $30,238.78.

29.

Additionally, Phi Mu is liable to Collums for all other damages to be proven at trial.

WHEREFORE, after due proceedings had, Collums requests that the Court issue a judgment in favor of Collums and against Phi Mu for all damages prayed for herein and all damages to which Collums is entitled, plus interest from the date of Collums's demand, and for all other legal, general, and equitable relief to which Collums may be entitled.

Respectfully submitted,

_____
Lloyd N. Shields (La. Bar No. 12022)
Adrian A. D'Arcy (La. Bar No. 29137)
Jessica R. Derenbecker (La. Bar No. 32425)
SHIELDS | MOTT L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 581-4445
Telecopy: (504) 581-4440

Attorneys for
    Hal Collums Construction, L.L.C.

13110-01\Pleadings\Complaint.wpd